**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **Thomas E. Perez, Secretary of Labor,** | : |
| United States Department of Labor, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : 1:15-cv-01259-AJT/JFA |
| **S&H Restaurant, Inc.** d/b/a **Aroma Indian** | : |
| **Cuisine,** *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

**PROPOSED JURY INSTRUCTIONS OF THE SECRETARY OF LABOR, UNITED
STATES DEPARTMENT OF LABOR**

Thomas E. Perez, the Secretary of Labor, United States Department of Labor

("Secretary") respectfully requests that the Court include in its charge to the jury the following

instructions and such other instructions as may become appropriate during the course of the trial.

The Secretary also respectfully requests that the Court charge the jury prior to closing arguments

of counsel, as permitted by Fed. R. Civ. P. 51(a)(1).

1. Preliminary Statement
2. Consideration of the Evidence; Duty to Follow Instructions; Corporate and Government Party Involved
3. Burden of Proof
4. Nature of the Claim: Fair Labor Standards Act
5. Minimum Wage
6. Overtime
7. Hours Worked: Suffer or Permit
8. Workweek
9. Exemptions
10. Inaccurate or Inadequate Employer Records
11. Spoliation – Destruction of Evidence
12. Willful Violations
13. Witness Credibility

11

14. Impeachment
15. Duty to Deliberate

Plaintiff's Proposed Jury Instruction No. 1

Preliminary Statement

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished and the lawyers have made their closing arguments, you will go into the jury room and begin your discussions – what we call deliberations.

A jury has, in effect, two judges.  I am one of the judges; the other judge is the jury.  My duty is to preside over the trial and to decide what evidence is proper for your considerations.  My duty at the end of the trial is to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give some general instructions that apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Your duty will be to decide whether the Secretary has proved by a preponderance of the evidence the specific facts necessary to find the defendant liable for the claims asserted.  I will give you more instruction about the specific claims following this preliminary statement.

As I have already told you, you must make your decision only on the basis of the testimony and other evidence presented during the trial.  You must not be influenced in any way by either sympathy or prejudice, or for or against either party.

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – your sworn duty is to follow all the rules of law as I explain them to you.

Remember that anything the lawyers say is not binding upon you.  Also, you should not assume anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or the correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  Your duty is to apply the law as I explained it to you, regardless of whether you like the law or its consequences.

Your duty also is to base your verdict solely upon the evidence, without prejudice or sympathy for or against anyone.  You made that promise and took that oath before being accepted by the parties as jurors, and they have the right to expect nothing less.

13

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

*Authority:* Adapted from 3 Fed. Jury  Prac. & Instr. § 101:01 (6th ed.).

<u>Plaintiff's Proposed Jury Instruction No. 2</u>

Consideration of the Evidence; Duty to Follow Instructions; Corporate and Government Party
Involved

The fact that a corporation and a government agency are involved as a party must not affect your
decision in any way.  A corporation, government agencies and all other persons stand equal
before the law and must be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through its people as its employees;
and, in general, a corporation is responsible under the law for any of the acts and statements of
its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the
witness and the exhibits I have admitted in the record.  As you consider the evidence, both direct
and circumstantial, you may make deductions and reach conclusions that reason and common
sense lead you to make.  In other words, you are permitted to draw such reasonable inferences
from the testimony and exhibits as you feels are justified in the light and your common
experience

You should not be concerned about whether the evidence is direct or circumstantial.  "Direct
evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.
"Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove or
disprove, any fact in dispute.  The law makes no distinction between the weight you may give to
either direct or circumstantial evidence or the reasonable inferences you draw from direct or
circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all
of the evidence as true or accurate. You should decide whether you believe what each witness
had to say, and how important that testimony was. In making that decision, you may believe or
disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning
any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a
few questions: Did the witness impress you as one who was telling the truth? Did the witness
have any particular reason not to tell the truth? Did the witness have a personal interest in the
outcome of this case or a related case? Did the witness seem to have a good memory? Did the
witness have the opportunity and ability to observe accurately the things about which he or she
testified? Did the witness appear to understand the questions clearly and answer them directly?
Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether evidence was offered tending to prove that a witness
testified falsely concerning some important fact; or, whether evidence was offered that at some

other time a witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.

When a witness is questioned about an earlier statement he or she may have made, or earlier testimony he or she may have given, such questioning is permitted to aid you in evaluating the truth or accuracy of the witness' testimony here at this trial.

Earlier statements made by a witness or earlier testimony given by a witness are not ordinarily offered or received as evidence of the truth or accuracy of *those* statements, but are referred to for the purpose of giving you a comparison and aiding you in making your decision as to whether you believe or disbelieve the witness' testimony that you hear at trial. However, if the prior inconsistent statement of the witness was made under oath, you may also consider it as evidence.

Whether such prior statements of a witness are, in fact, consistent or inconsistent with his or her trial testimony is entirely for you to determine. You can also decide whether to believe the earlier testimony given under oath, or the testimony given in this trial, or you can disregard both.

You are the sole judge of the credibility of witnesses.


GIVEN AS REQUESTED _____


GIVEN MODIFIED _____


REFUSED _____


WITHDRAWN _____


_____
UNITED STATES DISTRICT JUDGE


*Authority:* Adapted from 3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.).

16

Plaintiff's Proposed Jury Instruction No. 3

Burden of Proof

In this case it is the responsibility of the Secretary to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

"Establish by a preponderance of the evidence" means evidence, which, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.


GIVEN AS REQUESTED _____


GIVEN MODIFIED _____


REFUSED _____


WITHDRAWN _____




_____
UNITED STATES DISTRICT JUDGE


*Authority:* Adapted from 3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.).

Plaintiff's Proposed Jury Instruction No.4

Nature of the Claim: Fair Labor Standards Act

This lawsuit arises under the Fair Labor Standards Act, the federal law that provides for the payment of a minimum wage and overtime pay at a rate of time-and-a-half overtime pay for hours over forty in any workweek. The Act also requires employers to maintain accurate time records for each covered employee of the number of hours work in a given workweek. The Secretary claims that Defendants did not keep accurate and adequate time record and did not pay hourly employees as required by law.

In order to prevail on this claim, the Secretary must prove each of the following facts by a preponderance of the evidence:

First, that the hourly employees were employed by Defendants during the time period involved;

Second, that the employees were employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce;

Third, that the Defendants failed to maintain adequate and accurate records of the time worked by employees;

Fourth, that the employees worked over 40 hours in a workweek; and

Fifth, the Defendants failed to pay the employees the overtime pay required by law.


GIVEN AS REQUESTED _____


GIVEN MODIFIED _____


REFUSED _____


WITHDRAWN _____



_____
UNITED STATES DISTRICT JUDGE

Authority: 29 U.S.C.A §§ 206, 207, 216

18

Plaintiff's Proposed Jury Instruction No. 5

Minimum Wage

The Fair Labor Standards Act requires covered employers to pay non-exempt employees
engaged in commerce or in the production of goods for commerce, or employed in an
enterprise engaged in commerce a minimum wage of not less than $7.25 for each hour worked
or $2.13 for tipped employees for employees in the Commonwealth of Virginia, and $8.25 for
each hour worked or $2.77 for tipped employees in the District of Columbia, provided that the
total number of hours is less than forty in any given workweek regardless of the jurisdiction.


GIVEN AS REQUESTED _____


GIVEN MODIFIED _____


REFUSED _____


WITHDRAWN _____


_____
UNITED STATES DISTRICT JUDGE


Authority: 29 U.S.C.A. § 206(a)

<u>Plaintiff's Proposed Jury Instruction No. 6</u>

Overtime

The Fair Labor Standards Act prohibits covered employers from employing a non-exempt employee engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce for a work week longer than forty hours unless such employee receives compensation for employment in excess of forty hours at a rate of not less than one and one-half times the regular rate at which the employee is employed

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

Authority: 29 U.S.C.A. § 207(a)(1).

20

Plaintiff's Proposed Jury Instruction No. 7

Hours Worked: Suffer or Permit

When an employer knows or has reason to believe that work under the Fair Labor Standards Act is being performed, it is the responsibility of the employer to compensate employees for such work, even if that work was not specifically requested by the employer to be performed. An employer cannot sit back and accept the benefits of such work without compensating employees for it. It is the duty of management to exercise control and make sure that work is not performed if it does not want it to be performed. Even having a rule against performing work is not sufficient for management to avoid responsibility for paying for hours worked that it knew about or had reason to know about; rather, management has the power to enforce such rule and must make every effort to do so.

An employee must be paid not only for all time spent in physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer or the employer's business.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

Authority: Adapted from 3 Fed. Jury Prac. & Instr. § 175:33 (6th ed.). *See also Tennessee Coal, Iron & R.R. v. Muscoda Local 123*, 321 U.S. 590, 598, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944). *Accord Roman v. Maietta Construction, Inc.*, 147 F.3d 71, 75 (1st Cir.1998); *Holzapfel v. Town of Newburgh,* 145 F.3d 516, 522 (2d Cir.), *cert. denied*, 525 U.S. 1055, 119 S.Ct. 619, 142 L.Ed.2d 558 (1998); *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir.1999); *Henson v. Pulaski County Sheriff Dept.*, 6 F.3d 531, 533 (8th Cir.1993); *Arno v. Club Med Inc.*, 22 F.3d 1464, 1471 (9th Cir.1994); *United Transportation Union Local* 1745, 178 F.3d 1109, 1115 (10th Cir.1999).

21

<u>Plaintiff's Proposed Jury Instruction No. 8</u>

Workweek

The unit of measurement for determining compliance with the minimum wage requirement is the workweek, defined as 168 hours, or seven consecutive days.  Each workweek is considered separately and a workweek in which an employee receives less than the minimum wage cannot be averaged with one in which the employee received more than the statutory minimum.


GIVEN AS REQUESTED _____


GIVEN MODIFIED _____


REFUSED _____


WITHDRAWN _____


_____
UNITED STATES DISTRICT JUDGE


Authority:  Adapted from 3 Fed. Jury Prac. & Instr. § 175:34 (6th ed.).  *See also* 29 C.F.R. § 778.105; *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2nd Cir. 1960); *accord Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1198 (4th Cir. 1969).

22

<u>Plaintiff's Proposed Jury Instruction No. 9</u>

Exemptions

In a suit under the Fair Labor Standards Act, where the employer asserts the defense that a charge of overtime pay is unwarranted because a claimed exemption applies to the employee, the employer carries the burden of satisfies the elements of a claimed exemption.  The most common exceptions from the overtime pay requirements exist for employees in a bona fide executive, administrative, or professional capacity as defined by the regulations of the Secretary.


GIVEN AS REQUESTED _____


GIVEN MODIFIED _____


REFUSED _____


WITHDRAWN _____




_____

UNITED STATES DISTRICT JUDGE




Authority: 29 U.S.C. § 213 (a)(1)

23

Plaintiff's Proposed Jury Instruction No. 10

Inaccurate or Inadequate Employer Records

Defendants are required to keep an accurate record of the hours worked by each employee. If you find that any employee is entitled to back wages for the time that he or she worked, you must determine whether the Defendants have kept an accurate record of all of that time. If you find that an accurate record has not been kept, you must find a record keeping violation.

An employee has carried his burden of proving that he has performed work for which he was not properly compensated.  When an employer's records are inaccurate or inadequate and the employer cannot offer convincing substitutes.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

Authority: *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293-94 (D.C. Cir. 1972).

Plaintiff's Proposed Jury Instruction No. 11

Spoliation – Destruction of Evidence

The Secretary contends that the Defendants destroyed documents and deleted and erased computer hard drives containing data that would have shown that Defendants' employees regularly worked over 40 hours each week.  The Secretary further alleges that Defendants manipulated the computer time records they ultimately provided to the Secretary.

Defendants respond that they did not destroy any materials that they was obligated to provide to the Secretary.

You may assume that such evidence would have been unfavorable to the Defendants only if you find by a preponderance of the evidence that:

    (1)  Defendants intentionally destroyed the evidence; and
    (2)  Defendants destroyed the evidence in bad faith.


GIVEN AS REQUESTED _____


GIVEN MODIFIED _____


REFUSED _____


WITHDRAWN _____




                                  _____

                                    UNITED STATES DISTRICT JUDGE


Authority: Fed. R. Civ. P. 37(e); *Federico v. Lincoln Military Hous., LLC*, No. 2:12-CV-80, 2014 WL 7447937, at *6 (E.D. Va. Dec. 31, 2014) (citing *Goodman v. Praxair Svcs., Inc.,* 632 F.Supp.2d 494, 509 (D.Md.2009)).

25

Plaintiff's Proposed Jury Instruction No. 12

Willful Violations

If you find that the Secretary has satisfied his burden of proving essential elements of the Secretary's claim of willful violation of the Fair Labor Standards Act by a preponderance of the evidence, and defendant has not met its burden of proving the existence of an exemption by a preponderance of the evidence, then you should determine what amount of money would compensate the employees.

You should find as damages to be awarded in favor of the Secretary the amount of money that will compensate the Secretary for the difference between what the employees have been paid by the defendant and what the Fair Labor Standards Act requires the Defendants to pay the employees.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

Authority: 29 U.S.C.A. § 255; *Fowler v. Land Mgt. Groupe, Inc*. 978 F.2d 158, 162-63 (4th Cir. 1992).

Plaintiff's Proposed Jury Instruction No. 13

Witness Credibility

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.


GIVEN AS REQUESTED _____


GIVEN MODIFIED _____


REFUSED _____


WITHDRAWN _____




_____
UNITED STATES DISTRICT JUDGE

*Authority:* Adapted from 3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.).

Plaintiff's Proposed Jury Instruction No. 14

Impeachment

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony; or by evidence that the character of the witness for truthfulness is bad.

If you believe any witness has been impeached and thus discredited, it is your exclusive provinces to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness, or give it such credibility as you may think it deserves.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

*Authority:* Adapted from 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.).

28

Plaintiff's Proposed Jury Instruction No. 15

Duty to Deliberate

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Your duty as jurors is to discuss the case with one another and consult with one another in an effort to reach agreement, if you can do so. Each of you must decide the case for yourself, but only after full and impartial consideration of the evidence with the other members of the jury. Do not give up your honest beliefs as to the weight or effect of the evidence solely because the others think differently, or merely to return a verdict.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will guide your deliberations and will speak for you here in court.

The Court has prepared a verdict form for your convenience.  You will take the verdict form to the jury room.  When you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. When you have reached your decision knock on the jury room door and tell the courtroom deputy that you have a verdict.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the courtroom deputy, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, regarding any message or question you might send, which you should not tell me your numerical division at the time.

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

*Authority:* Modern Federal Jury Instructions 3.06 (Matthew Bender 1992)

29

Mailing Address:

Douglas N. White
Associate Regional Solicitor
U.S. Department of Labor
201 12th Street South
Arlington, VA 22202-5450
Tel: (202) 693-9393
Fax: (202) 693-9392

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Francine Serafin
Regional Counsel

/s/ Ali A. Beydoun
Ali A. Beydoun (VSB #78150)
Office of the Solicitor
201 12th Street South
Arlington, VA  22202-5450
Telephone No. (202) 693-9370
Facsimile No.  (202) 693-9392
Beydoun.ali@dol.gov

Date: July 1, 2016

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2016, true and correct copies of the foregoing document was served by electronic mail through the Court's electronic filing system or through other electronic means on the following:

| | |
|---|---|
| Christopher Brown, Esquire<br>The Brown Firm PLLC<br>526 King Street, Suite 207<br>Alexandria, VA 22314<br>cbrown@brownfirmpllc.com | A.J. Dhali, Esquire<br>1828 L Street, NW Suite 60<br>Washington, DC 20036<br>ajdhali@dhalilaw.com |

/s/ Ali A. Beydoun
Ali A. Beydoun (VSB #78150)
Office of the Solicitor
201 12th Street South
Arlington, VA  22202-5450
Telephone No. (202) 693-9370
Facsimile No.  (202) 693-9392
Beydoun.ali@dol.gov