# UNITED STATES DISTRICT COURT
## Eastern District Of Virginia

| | |
|---|---|
| Thomas E. Perez, Sec. of Labor ) | |
| United States Department of Labor ) | Case No.: 1:15-cv-01259 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| S&H Restaurant. Inc d/b/a Aroma Indian ) | |
| Cuisine et al. ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Under Local Civil Rule 51 Defendant S&H Restaurant d/b/a Aroma Indian Cuisine et al,

(S&H Restaurant) submits the attached proposed jury instructions.

Sincerely,

/s/ *Christopher E. Brown*

Christopher E. Brown, Esq.                    A.J. Dhali
VA Bar No. 39852                              Dhali PLLC
The Brown Firm PLLC                           1828 L. Street. NW. Suite 600
526 King St., Suite 207                       Washington D.C. 20036
Alexandria, Virginia 22314                    T (202) 556-1285
703-924-0223                                  Email: ajdhali@dhalilaw.com
Fax 703-997-2362
cbrown@brownfirmpllc.com

## Certificate of Service.

I hereby certify that on this 5th day of July, 2016, I filed the foregoing with the Court's ECF system, which will send a copy and NEF to all counsel registered therewith.

_____/s/_____
Christopher Brown, Esq.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERNDISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **Thomas E. Perez, Sec. of Labor** | ) | |
| **United States Department of Labor** | ) | **Case No.: 1:15-cv-01259** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| **S&H Restaurant. Inc d/b/a Aroma Indian** | ) | |
| **Cuisine et al.** | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

[This space intentionally left blank.]

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

### DUTY TO FOLLOW LAW

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law whether you agree with it or not.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law as stated by the lawyers and as stated in these instructions, you are governed by my instructions. Statements and arguments of the attorneys are not evidence and are not instructions of the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Likewise, do not consider any statement that I have made in the course of trial or make in the instructions as an indication that I have any opinion about the facts of this case. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. You took an oath promising to do so at the beginning of the case.

2

**Approved** \_\_\_\_\_        **Disapproved** \_\_\_\_\_


Kevin F. O'Malley, Jay E. Grenig, and William C. Lee, *Federal Jury Practice and Instructions* (5th ed. 2000), Instruction No. 103.01.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

### SYMPATHY OR BIAS

You must perform your duties as jurors without bias or prejudice to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  The fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.

The Plaintiff is entitled to a fair consideration of their claims and Defendant is entitled to a fair consideration of its defenses.  This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar positions in life.  All parties expect and have a right to have you carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

All parties are entitled to a fair trial, during which Plaintiff must prove their case.  This is their legal obligation.  Defendant is not required to prove that it is innocent of any wrongdoing.  The burden of proof rests with Plaintiff at all times to establish wrongdoing on Defendants' part.


**Approved** _____        **Disapproved** _____


*Kerr v. City of Chicago*, 424 F.2d 1134, 1138-39 (7th Cir.), *cert. denied*, 400 U.S. 833 (1970); Mathes, *Jury Instructions and Forms for Federal Civil Cases*, 28 F.R.D. 401, 414; Devitt et al., *Federal Jury Practice*, (4th ed.)  §§ 71.02 and 70.04; 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 103.01 (5th Ed., 2000); 1 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction No. 71-10; *B-W Acceptance Corp. v. Porter*, 568 F.2d 1179 (5th Cir. 1978); *Morgan v. Illinois*, 504 U.S. 719 (1992); *Ham v. South Carolina*, 409 U.S. 524 (1973).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

### "IF YOU FIND" OR "IF YOU DECIDE"

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you believe the fact is probably true.


**Approved _____          Disapproved _____**


Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*, §72.01 (4th ed. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Plaintiff has the burden of proving every element of their claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof."  If Plaintiff fails to establish any element of their claim by a preponderance of the evidence, you should find for Defendant as to that claim.

A "preponderance of evidence" means the greater weight of the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  That is, you believe that the fact exists because the evidence in favor of the fact outweighs the evidence opposed to it.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, and all of the exhibits received in evidence, regardless of who may have produced them.

Plaintiff cannot "almost" prove her claim.  They prove every element of their claim of wage violations by a preponderance of the evidence.  If you find the evidence on an issue is evenly divided between the parties – that it is just as likely that one side is right as it is that the other side is right – then you must decide that issue against Plaintiff and in favor of Defendant.  If you conclude that Plaintiff has failed to establish any part of any of their claims by a preponderance of the evidence, you must decide against them as to those claims.  You must do so regardless of any feelings you may have about an issue.


**Approved** \_\_\_\_\_        **Disapproved** \_\_\_\_\_


*Ostrowski v. Atlantic Mutual Insurance Companies*, 968 F.2d 171 (2d Cir. 1992); *Merzon v. County of Suffolk*, 767 F. Supp. 432 (E.D.N.Y. 1991); 3 Devitt et al., *Federal Jury Practice and Instructions* §72.01 (4th ed. 1987) (Modified); Eleventh Circuit Pattern Jury Instruction 6.1 (2005);

Mathes, *Jury Instruction and Forms*, 28 F.R.D. 401 §2.01 (1961); 3 O'Malley, Greni & Lee, *Federal Jury Practice Instructions*, § 104.01 (5th ed., 2000); *Miller v. Taylor*, 877 F.2d 469, 472 (6th Cir. 1989).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

## EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received into evidence, regardless of who may have produced them; and all facts that may have been admitted or stipulated.

Attorneys can enter into stipulations by agreeing to the existence of some fact, or by agreeing that certain things are not disputed.   A stipulated fact then becomes proper evidence.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.  If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's statements are not evidence.  Only the answers are evidence.

The lawyers from time to time may have referred to certain facts that came out in evidence. If your recollection of those facts is different from that of the lawyers, your recollection prevails because you are the sole judges of the facts.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be disregarded entirely.

Anything you may have seen or heard outside the courtroom is not evidence, and must be disregarded entirely.

You are to consider only the evidence in the case.  In your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in light of your experience and common sense.

**Approved** _____        **Disapproved** _____

O'Malley, Grenig & Lee § 101.40.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

### INFERENCES FROM THE EVIDENCE

Inferences are simply deductions or conclusions that reason and common sense lead the jury to draw from the evidence received in the case.

**Approved** _____      **Disapproved** _____

O'Malley, Grenig & Lee § 104.20.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

With respect to all the forms of evidence properly considered, you, the jurors, are the sole judges of the credibility of the witnesses and evidence, and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he or she testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be biased or affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies and discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness the weight you may think it deserves. In short, you may accept or reject the testimony of any witness in whole or in part.

**Approved _____      Disapproved _____**

O'Malley, Grenig & Lee § 101.43.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

## IMPEACHMENT

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you think it deserves.

If a witness is shown to have knowingly testified falsely concerning any material matter, you have the right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.  An act or omission is knowingly done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Approved** _____     **Disapproved** _____

O'Malley, Grenig & Lee § 105.04.

13

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### INTEREST IN OUTCOME

When evaluating the credibility of witnesses, you also should take into account any evidence that the witness stands to benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that is in his or her own interests. Therefore, if you find that any witness may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

**Approved _____      Disapproved _____**

3 L. Sand, et al. *Modern Federal Jury Instructions*, Instruction No. 76-3 (2007).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

### NATURE OF THE CLAIMS

I am going to briefly state the claims of the parties.  In stating these positions, I express no opinion of the facts because you are the sole judges of the facts.

In this case Plaintiff makes a claim based on a federal law known as the Fair Labor Standards Act (FLSA) which will be referred to in these instructions as the FLSA.

Under the FLSA, an employer must pay their employees any minimum wage due to him or her, and if the employee has worked any overtime, any overtime wages that are also due to him and her. Certain employees however are exempt from the payment of overtime. These are considered exempt employees meaning then for exempt employee, an employee can work more than 40 hours per week and not be due any overtime.

Plaintiff claims Defendants violated the FLSA in three ways.  First, Plaintiff claims Defendants did not pay their employees the legal minimum wage for all employees employed in Aroma Washington D.C., Aroma Arlington, VA and Aroma Lorton, VA. Second Plaintiffs also claims that if the minimum wage was paid to these employees, these employees were then also not paid their overtime wages, for all employees employed in Aroma Washington D.C, Aroma Arlington, VA and Aroma, Lorton, VA.   Finally, the Plaintiff also claims that the Defendants improperly destroyed records or did not keep accurate employment records.

Defendant claims that all minimum wages and overtime wages have been adequately paid to all of its employees employed at Aroma Washington D.C, Aroma Arlington, VA and Aroma Lorton VA. Defendants also claim that if some wages have not been paid, it is at best an administrative oversight and that it was not intentional. Finally, Defendants maintain that no records have been intentionally destroyed or discarded. Defendants also maintain that they have

15

backups of all the records of Aroma Washington D.C. and Aroma Arlington. For the records pertaining to Aroma Lorton, Defendants maintain that they were absconded by an ex-employee Sholinder Jyoshi.

As you listen to these instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the ADA. So please remember to consider the specific definitions I give you, rather than using your own opinion of what these terms mean.

**Approved _____      Disapproved _____**

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11**

### **Minimum Wage**

The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce a minimum wage of not less than $7.25 for each hour worked or $2.13 cents for tipped employees for employees in Virginia and $8.25 for each hour worked or $2.77 for tipped employees in the District of Columbia.

In determining whether an employer has paid the minimum wage, it is entitled to a credit for the reasonable costs of furnishing certain noncash items to its workers such as meals and lodging for the employee's benefit, if the employee voluntarily accepts them.

**Approved _____        Disapproved _____**

29 U.S.C. § 206(a); 5th Circuit Pattern Jury Instructions, §11.24 pg. 266 (2014)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### FLSA Overtime Claims

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time [he/she] worked after the final 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To calculate how much overtime pay Plaintiffs earned in a particular week, multiply [his/her] regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

**Approved _____        Disapproved _____**

5th Circuit Pattern Jury Instructions, §11.24 pg. 266, 267 (2014)

18

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

### Executive Exemption to Overtime Rules

In this case, Defendant claims that it is exempt from the FLSA's overtime provisions for the managers employed in its restaurants. To establish that it is exempt, Defendants must prove each of the following facts by a preponderance of the evidence.

The managers were:

(**1**) Compensated on a salary basis at a rate of not less than $455 per week;

(**2**) Whose primary duty is management of the restaurants in which the employee is employed;

(**3**) Who customarily and regularly directs the work of two or more other employees of the restaurants; and

(**4**) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

**Approved _____        Disapproved _____**

29 C.F.R. § 541.100

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14**

### **Record Keeping Obligations**

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiff claims that Defendants failed to keep and maintain adequate records of its employees' hours and pay. Plaintiff also claims that Defendants failure to keep and maintain adequate records has made it difficult for Plaintiff to prove the exact amount of his/her claim.

If you find that Defendant failed to keep adequate time and pay records for its employees and that employees performed work for which he/she should have been paid, Plaintiff may recover a reasonable estimation of the amount of his/her damages.

But to recover this amount, Plaintiff must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which he/she seeks pay.

**Approved _____     Disapproved _____**

5th Circuit Pattern Jury Instructions, §11.24 pg. 267 (2014)

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15**

### **Limitations Period**

The statute of limitations for an unpaid-overtime FLSA claim is generally two years. 29 U.S.C. § 255(a). The limitations period is extended to three years for willful violations. 29 U.S.C. § 255(a).

To prove willfulness and obtain the benefit of the three-year limitations period, an employee must establish that the employer "either knew or showed reckless disregard as to whether its conduct was prohibited by the [FLSA]." *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990) (citing *McLaughlin v Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

**Approved _____      Disapproved _____**

5th Circuit Pattern Jury Instructions, §11.24 pg. 264 (2014)

## DEFENDANTS PROPOSED JURY INSTRUCTIONS NO. 16

## EMPLOYMENT AT WILL

You must remember that Plaintiffs are at-will employees of Defendants.  Under the law, Defendant has the right to terminate employees. Employees also have the right to voluntarily leave the work premises or resign from employment.   The mere fact that some employees voluntarily left their employment does not establish his/her claims for unpaid wages.

**Approved _____        Disapproved _____**

Devitt, Blackmar, Wolff and O'Malley, *Federal Jury Practice and Instructions (Civil)*, § 103.17 (1995 Supp.).