## **JURY INSTRUCTION NO. 1**

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law whether you agree with it or not.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law as stated by the lawyers and as stated in these instructions, you are governed by my instructions. Statements and arguments of the attorneys are not evidence and are not instructions of the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Likewise, do not consider any statement that I have made in the course of trial or make in the instructions as an indication that I have any opinion about the facts of this case. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. You took an oath promising to do so at the beginning of the case.

## **JURY INSTRUCTION NO. 2**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received into evidence, regardless of who may have produced them; and all facts that may have been admitted or stipulated.

Attorneys can enter into stipulations by agreeing to the existence of some fact, or by agreeing that certain things are not disputed. A stipulated fact then becomes proper evidence.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's statements are not evidence. Only the answers are evidence.

The lawyers from time to time may have referred to certain facts that came out in evidence. If your recollection of those facts is different from that of the lawyers, your recollection prevails because you are the sole judges of the facts.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be disregarded entirely.

Anything you may have seen or heard outside the courtroom is not evidence, and must be disregarded entirely.

You are to consider only the evidence in the case. In your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in light of your experience and common sense.

## **JURY INSTRUCTION NO. 3**

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

## **JURY INSTRUCTION NO. 4**

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

## **JURY INSTRUCTION NO. 5**

Inferences are simply deductions or conclusions that reason and common sense lead the jury to draw from the evidence received in the case.

## JURY INSTRUCTION NO. 6

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you believe the fact is more likely than not.

## JURY INSTRUCTION NO. 7

You must remember that Plaintiffs are at-will employees of Defendants. Under the law, Defendant has the right to terminate the employees. Employees also have the right to voluntarily leave the work premises or resign from employment. The mere fact that some employees voluntarily left their employment does not establish his/her claims for unpaid wages.

## **JURY INSTRUCTION NO. 8**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

## **JURY INSTRUCTION NO. 9**

With respect to all the forms of evidence properly considered, you, the jurors, are the sole judges of the credibility of the witnesses and evidence, and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he or she testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be biased or affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies and discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness the weight you may think it deserves. In short, you may accept or reject the testimony of any witness in whole or in part.

## **JURY INSTRUCTION NO. 10**

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. The fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you, just as the fact that one of the parties is a government agency does not mean it is entitled to any lesser consideration by you.

The Plaintiff is entitled to a fair consideration of their claims and Defendant is entitled to a fair consideration of its defenses. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar positions in life. All parties expect and have a right to have you carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

All parties are entitled to a fair trial, during which Plaintiff must prove their case. This is their legal obligation. The burden of proof rests with Plaintiff at all times to establish wrongdoing on Defendants' part.

## **JURY INSTRUCTION NO. 11**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## **JURY INSTRUCTION NO. 12**

The Secretary contends that the Defendants destroyed documents and deleted and erased computer hard drives containing data that would have shown that Defendants' employees regularly worked over 40 hours each week. The Secretary further alleges that Defendants manipulated the computer time records they ultimately provided to the Secretary.

Defendants respond that they did not destroy any materials that they was obligated to provide to the Secretary.

You may assume that such evidence would have been unfavorable to the Defendants only if you find by a preponderance of the evidence that:

Defendants intentionally destroyed the evidence; and

Defendants destroyed the evidence in bad faith.

## **JURY INSTRUCTION NO. 13**

Plaintiff has the burden of proving every element of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof." If Plaintiff fails to establish any element of their claim by a preponderance of the evidence, you should find for Defendant as to that claim.

A "preponderance of evidence" means the greater weight of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. That is, you believe that the fact exists because the evidence in favor of the fact outweighs the evidence opposed to it. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, and all of the exhibits received in evidence, regardless of who may have produced them.

Plaintiff cannot "almost" prove her claim. They prove every element of their claim of wage violations by a preponderance of the evidence. If you find the evidence on an issue is evenly divided between the parties – that it is just as likely that one side is right as it is that the other side is right – then you must decide that issue against Plaintiff and in favor of Defendant. If you conclude that Plaintiff has failed to establish any part of any of their claims by a preponderance of the evidence, you must decide against them as to those claims. You must do so regardless of any feelings you may have about an issue.

# **JURY INSTRUCTION NO. 14**

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time [he/she] worked after the final 40 hours. This is commonly known as "time-and-a-half pay" for overtime work

To calculate how much overtime pay Plaintiffs earned in a particular week, multiply [his/her] regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

## JURY INSTRUCTION NO. 15

This lawsuit arises under the Fair Labor Standards Act, the federal law that provides for the payment of a minimum wage and overtime pay at a rate of time-and-a-half overtime pay for hours over forty in any workweek. The Act also requires employers to maintain accurate time records for each covered employee of the number of hours work in a given workweek. The Secretary claims that Defendants did not keep accurate and adequate time record and did not pay hourly employees as required by law.

In order to prevail on this claim, the Secretary must prove each of the following facts by a preponderance of the evidence:

First, that the hourly employees were employed by Defendants during the time period involved;

Second, that the employees were employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce;

Third, that the Defendants failed to maintain adequate and accurate records of the time worked by employees;

Fourth, that the employees worked over 40 hours in a workweek; and

Fifth, the Defendants failed to pay the employees the overtime pay required by law.

## Substitute Jury Instruction No. 16
### Recordkeeping Obligations

The law requires an employer to keep records of how many hours its employees work and the amount that they are paid. In this case, Plaintiff claims that Defendants failed to keep and maintain adequate records of its employees' hours and pay. The Plaintiff also claims that Defendants' failure to keep and maintain adequate records has made it difficult for Plaintiff to prove the exact amount of the claim.

If you find that Defendants failed to keep adequate time and pay records for its employees and that employees performed work for which they should have been paid, Plaintiff may recover a reasonable estimation of the amount of his or her damages.

But to recover this amount, Plaintiff must prove by a preponderance of the evidence a reasonable estimate of the amount and the extent of the work for which he or she seeks pay.

## JURY INSTRUCTION NO. 17

The statute of limitations for an unpaid-overtime FLSA claim is generally two years. 29 U.S.C. § 255(a), which in this case is June 10, 2012. The limitations period is extended to three years for willful violations. 29 U.S.C. § 255(a) which in this case is June 10, 2011.

To prove willfulness and obtain the benefit of the three-year limitations period, an employee must establish that the employer "either knew or showed reckless disregard as to whether its conduct was prohibited by the [FLSA]." *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990) (citing *McLaughlin v Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

## **JURY INSTRUCTION NO. 18**

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Your duty as jurors is to discuss the case with one another and consult with one another in an effort to reach agreement, if you can do so. Each of you must decide the case for yourself, but only after full and impartial consideration of the evidence with the other members of the jury. Do not give up your honest beliefs as to the weight or effect of the evidence solely because the others think differently, or merely to return a verdict.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will guide your deliberations and will speak for you here in court.

The Court has prepared a verdict form for your convenience. You will take the verdict form to the jury room. When you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. When you have reached your decision knock on the jury room door and tell the courtroom deputy that you have a verdict.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the courtroom deputy, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, regarding any message or question you might send, which you should not tell me your numerical division at the time.